**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ENOVATIVE TECHNOLOGIES, LLC,** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| **v.** | * | **CIVIL NO. JKB-14-3956** |
| | * | |
| **GABRIEL REUVEN LEOR** | * | |
| | * | |
| **Defendant** | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM AND ORDER**

On January 23, 2015, Plaintiff Enovative Technologies, LLC, filed a motion for sanctions, civil contempt, attorneys' fees, and costs. (ECF No. 26.)  On February 6, Defendant Gabriel Reuven Leor filed a response to Plaintiff's motion (ECF No. 34), and Defendant also filed a motion to dismiss for lack of jurisdiction (ECF No. 33).  The Court held a hearing on February 12 and 13 to address both pending motions.

The Court first addresses Defendant's motion to dismiss.  For the reasons stated in open court on February 12, the Court finds that complete diversity of citizenship existed on the date this case was filed, December 18, 2014.  Further, the amount in controversy exceeds $75,000.  Thus, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  It is ORDERED that Defendant's motion to dismiss for lack of jurisdiction (ECF No. 33) is DENIED IN PART as to Defendant's challenge to the Court's subject matter jurisdiction over Plaintiff's complaint.

Further, for the reasons stated in open court, IT IS FURTHER ORDERED that Plaintiff's motion for sanctions, civil contempt, attorneys' fees, and costs (ECF No. 26) is GRANTED IN PART.  Preliminarily, the Court finds that Defendant is in civil contempt for violating the Court's Preliminary Injunction of January 6, 2015 (ECF No. 19), as described below and for the

1

reasons stated in open court.  Having found Defendant in civil contempt, the Court "may impose sanctions for civil contempt to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy."  *In re Gen. Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995) (internal quotation marks omitted).   Both are appropriate here. Accordingly, IT IS FURTHER ORDERED:

1. Defendant is held in contempt for failing to comply with the following provisions from the Court's Preliminary Injunction:

   a. Leor is required to remove from the Internet all offensive and/or defamatory postings relating to Enovative and to restore and preserve the status quo as it existed prior to the offending postings, including, but not limited to, any and all offending postings to http://www.smart-relief.com (the "Smart-Relief Website") and www.magicmassageultra.com (the "Magic Massage Website").  (*See* ECF No. 19 at 2 ¶ 2.)  As noted, the Preliminary Injunction is not limited to these two websites; consequently, it also includes the Facebook page for "Staci Markets," which Plaintiff has shown to contain defamatory and offensively vile postings, and for which Plaintiff has shown by clear and convincing evidence to be within the control of Defendant.

   b. Leor is required to transfer exclusive control of the Magic Massage Website to Enovative by providing Enovative the access credentials to the Magic Massage Website and doing all other things necessary to transfer exclusive control to Enovative.  (*See id.* ¶ 3.)

c.   Leor is required to return any and all Confidential Information (and to the extent any and all trade secrets of Enovative do not fall under the term "Confidential Information," any and all such trade secrets) in his possession to the Company.   This includes, *inter alia*, any e-mails containing confidential information that Defendant may have sent from his work e-mail address to his personal e-mail address, as well as photocopies of Enovative's banking information (e.g., checks and deposit slips).   (*See id.* at 5 ¶ 12.)

2.   Defendant may only purge such contempt by complying with the Court's Preliminary Injunction and by filing proof of compliance with the Court.

3.   <u>Fines</u>:   In the event that Defendant fails to purge such contempt, Defendant will incur a daily fine of $1,000, payable to the United States, which will accrue each day at noon beginning February 19, 2015, to coerce obedience to the Court's Preliminary Injunction Order.   This fine is levied concurrently for noncompliance with each of the three cited provisions of the Preliminary Injunction, for a total fine per day of $1,000, and continues until Defendant demonstrates to the Court's satisfaction that he has complied with all three provisions.

4.   <u>Attorneys' Fees</u>:   Defendant must also pay Plaintiff's reasonable attorneys' fees for costs incurred as a result of Defendant's contumacy—$20,700—"to compensate the complainant for losses sustained as a result of the contumacy." *Gen. Motors*, 61 F.3d at 258; *see also Folk v. Wallace Bus. Forms, Inc.*, 394 F.2d 240, 244 (4th Cir. 1968) (noting that "the right of the Court to award civil contempt damages," including attorneys' fees, has "long been recognized").   In

light of evidence received during the Court's hearing on February 12 and 13, the Court finds that Defendant's violation of the Court's Preliminary Injunction Order rises to the requisite level of obstinacy or recalcitrance to justify an award of attorneys' fees. *See CapitalSource Fin., LLC v. Delco Oil, Inc.*, Civ. No. DKC-06-2706, 2010 WL 3733934, at *7 (D. Md. Sept. 20, 2010). The Court awards Plaintiff the cost of legal work completed between entry of the Court's Preliminary Injunction Order on January 6, 2015 (ECF No. 19), and the Court's contempt hearing on February 12 and 13. Plaintiff's counsel—Ms. Lori Vaughn Ebersohl, assisted by Mr. Adam A. Bartolanzo—submitted an affidavit on February 17 declaring Plaintiff's legal costs. (ECF No. 45.) The Court has carefully reviewed Plaintiff's counsel's affidavit, and now holds that attorneys' fees of $20,700 is justified by the following findings:

    a. Ms. Ebersohl's and Mr. Bartolanzo's billing rates of $375 and $195 per hour, respectively, are reasonable and appropriate and are thus approved. (*Id.* ¶ 5.)

    b. Taking into consideration time spent researching relevant legal issues, preparing motions, preparing for and appearing during the hearing on February 12 and 13, traveling to Baltimore for the hearing, and all other reasonable attorneys' fees, Ms. Ebersohl and Mr. Bartolanzo may collect fees for fifty (50) billable hours and ten (10) billable hours, respectively.

    c. Multiplying billing rates by billable hours, Ms. Ebersohl may collect $18,750 and Mr. Bartolanzo may collect $1,950. Taken together,

Plaintiff's counsel may collect $20,700 for work performed as a result of Defendant's contumacy.

IT IS FURTHER ORDERED that Plaintiff's motion for sanctions, civil contempt, attorneys' fees, and costs is DENIED IN PART. Plaintiff's motion alleges that Defendant has failed to transfer the T-Pulse.com domain name to Plaintiff. Plaintiff withdrew this allegation during the Court's hearing on February 12 and 13, and thus this aspect of Plaintiff's motion is DENIED WITHOUT PREJUDICE. Further, Plaintiff's motion alleges that Defendant tortiously interfered with Plaintiff's business relationships. For the reasons stated in open court, this aspect of Plaintiff's motion is DENIED.

IT IS FURTHER ORDERED that this matter is referred to the United States Attorney for the District of Maryland for collection of any fine accrued pursuant to this order.

DATED this 18th day of February, 2015.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge