IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ENOVATIVE TECHS., LLC,                *

                                      *

    **Plaintiff**

                                      *

v.                                           CIVIL NO. JKB-14-3956

                                      *

**GABRIEL REUVEN LEOR**

                                      *

    **Defendant**                         *
*   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM AND ORDER

Now pending before the Court are Defendant's two motions to quash subpoenas. (ECF Nos. 141 & 171.) The issues have been briefed (ECF Nos. 141, 142, 167, 171, 180), and no hearing is required, Local Rule 105.6. Defendant requests an order quashing subpoenas issued by Plaintiff on nonparties. Neither Plaintiff nor Defendant has presented the Court with copies of the challenged subpoenas. The Court infers from the briefing, though, that Plaintiff seeks to use these subpoenas to uncover whether Defendant is associated with the many anonymous e-mail addresses and usernames that have been used to allegedly vandalize, harass, and threaten Plaintiff, Plaintiff's customers, Plaintiff's business associates, and Plaintiff's business websites. (*See generally* ECF No. 178.) If Plaintiff can prove that Defendant is responsible for such actions, Mr. Leor could possibly be found in contempt of court for violating the Court's prior preliminary injunction order. (*See* ECF Nos. 19 & 178.)

"Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." *United States v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005); *see also In re Grand Jury Subpoena John Doe, No. 05GJ1318*, 584 F.3d 175, 184 n.14 (4th Cir. 2007). "Absent this

showing, the party lacks standing and the motion must be denied without reaching the motion's merits." *Robertson v. Cartinhour*, Civ. No. AW-09-3436, 2010 WL 716221, at *1 (D. Md. Feb. 23, 2010).

In ECF No. 141, Defendant fails to claim any *personal* right or privilege in the information sought by the subpoena. Instead, Defendant raises claims that would perhaps be properly raised by the subpoenaed nonparty, but not by Defendant (e.g., challenges to relevance, jurisdiction, etc.). Defendant also argues that such subpoenas infringe on a First Amendment freedom to speak anonymously. (*See* ECF No. 167 ¶¶ 9-17.) Crucially, Defendant does not argue that the issued subpoenas infringe on *Defendant's personal* freedom to speak anonymously.[1] Rather, Defendant appears to argue that *someone*, presently unnamed, holds a right to remain anonymous. Perhaps. But Defendant lacks standing to raise such claims on behalf of these unnamed, anonymous persons. Thus, the Court cannot properly reach the merits of Defendant's challenge to the subpoenas.

In ECF No. 171, Defendant raises a similar challenge to Plaintiff's subpoena issued to BROUHAHA; Defendant questions the relevance of Plaintiff's requested information. (ECF No. 171 ¶¶ 5-6.) For the same reasons stated *supra*, Defendant lacks standing to raise such claims where he asserts no *personal* right or privilege in the information sought. As to Plaintiff's subpoena issued to ODESK, Defendant raises the hint of a viable personal right. Defendant contends that Plaintiff's subpoena issued to ODESK "tends to infringe attorney client privilege." (ECF No. 171 ¶ 7.) Defendant does not specify whether the challenged subpoena would infringe *Defendant's* attorney-client privilege, or rather some other unnamed person. Assuming,

---

[1] If Defendant had claimed a *personal* interest in the continued anonymity of these e-mail addresses and usernames, such an argument could have implied that Defendant is responsible for the alleged actions in violation of the Court's preliminary injunction, discussed *supra*. The Court recognizes that Defendant may have strategically framed his First Amendment argument to avoid claiming such a personal interest in anonymity.

*arguendo*, that Defendant claims that his own interests are at issue, Defendant does have standing to challenge the subpoena on the basis of his personal protections of the attorney-client privilege. But Defendant "bears the burden of proof as to its application." *Am. Home Assurance Co. v. KBE Bldg. Corp.*, Civ. No. CCB-13-1941, 2015 WL 348292, at *13 (D. Md. Jan. 13, 2015). To carry the requisite burden of proof, Defendant must produce a privilege log, or some other particularized description of the documents that Defendant claims are privileged. *Id.* Defendant has failed to provide such a particularized description, and so the Court cannot assess the merits of Defendant's contentions.

Accordingly, it is ORDERED that Defendant's motions to quash (ECF Nos. 141 & 171) are DENIED.

DATED this __3__ day of June, 2015.

BY THE COURT:

James K. Bredar
United States District Judge