IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ENOVATIVE TECHS., LLC, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-14-3956 |
| GABRIEL REUVEN LEOR, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM

Pending before the Court are Movant Delaware Beach Taxi ("DBT"), LLC's Motion to Vacate Charging Order, Dismiss and Vacate Garnishment, and Vacate All Pre-Judgment Attachment Orders and Measures as to Delaware Beach Taxi LLC (ECF No. 334) and Plaintiff's Motion for Default Judgment (ECF No. 353). The former motion has been briefed (ECF Nos. 335, 370), and no hearing is necessary. Local Rule 105.6 (D. Md. 2014). The latter motion is unopposed, and no evidentiary hearing is needed to resolve it. DBT's motion will be denied without prejudice. The motion for default judgment will be granted.

DBT's motion is premised on the notion that Defendant Gabriel Reuven Leor sold all of his interest in DBT to Jaroslaw T. Struk in 2014. Thus, DBT claims it is improper for Plaintiff to have garnished DBT's bank account in 2015. (Mot. Supp. Mem. 2-3, ECF No. 334-1.) Plaintiff has provided evidence countering DBT's assertion. One such item is Leor's email message of May 9, 2015, to Plaintiff's counsel attaching copies of "Todays [*sic*] filings." (ECF No. 335-3.) One of those attached *pro se* filings by Leor was "Doc 6 Motion to Vacate Dewey Beach Garnishment.pdf." (*Id.*; *see also* Motion to Vacate Pre-Judgment Attachments filed by Leor,

ECF No. 175.) In that motion, Leor stated that the owner of DBT was Michael Pawlowski. (Def.'s Mot. Vacate ¶ 32.) One questions why Leor would bother to file such a motion if he had no interest in the business. Another piece of evidence raising questions is a screenshot of DBT's website on August 9, 2015, showing Leor's picture and his name. (ECF No. 335-4.) A third bit of evidence is a screenshot of a May 4, 2015, text message from Michal Pawlowski to Fabian Rosado (who is an officer with Enovative) saying: "Your law firm blocked my Delaware beach taxi account. Fix this ASAP. Gabriel is not the owner of this account. In the system on this account is old tax Id number." (ECF No. 335-5; *see also* Pl.'s Opp'n, 8/10/2015 Decl. Fabian E. Rosado ¶¶ 4-7, ECF No. 335-6 (noting DBT website referred to Pawlowski and Leor as people to contact about the company and noting no mention of Struk).)

Apart from this inconsistent evidence, Movant's own evidence raises more questions than not. Movant attempts to show that Leor sold all of his DBT membership units to Struk in two transactions in 2014 by providing copies of two purchase agreements. The March 2014 and the June 2014 documents (ECF Nos. 334-4, 334-5) are only agreements for Struk to purchase the units at some point in the future. They are not themselves evidence of the actual transfer of units from Leor to Struk. They do, however, indicate that the first purchase agreement's transfer will not take place until payment is made and two other conditions occur: one, Struk's E-2 Non-Immigrant Visa Petition is approved and, two, a duly endorsed certificate of transfer of the units is completed and delivered to Struk. (3/5/2014 Purchase Agmt. ¶ 3.) Similarly, the second purchase agreement requires that the sale of the units will be effectuated when payment is made and a duly endorsed certificate of transfer of the units is completed and delivered to Struk. (6/15/2014 Purchase Agmt. ¶ 3.) No proof has been provided that these necessary conditions were completed.

Consequently, DBT's motion will be denied. If Movant wishes to renew this motion, the Court will set a discovery schedule and will likely need to conduct an evidentiary hearing to determine the true ownership of DBT.

The motion for default judgment is well supported by the record as a whole as well as the evidence provided by Plaintiff with the motion. The Court has a clear recollection of the difficult history of this case and, in particular, the overtly contumacious conduct by the Defendant. He has refused to cooperate in discovery, and Plaintiff's Requests for Admissions (ECF No. 353-24, pp. 23-98) are deemed admitted, Fed. R. Civ. P. 36(a)(3). The evidence shows that as of the filing of the motion on August 28, 2015, Leor has continued to post scurrilous and defamatory material on the Internet about Plaintiff, Rosado, and others connected in some way with either or both of them. Further, he has not returned confidential material to Plaintiff and, in fact, has posted it online. He has been openly competing with Plaintiff. Although certain websites have been restored to Plaintiff's control, it is not clear that Leor deserves credit for returning to Plaintiff the websites he sold to a man in the Ukraine, Kljop Aleksandr Aleksandrovich; it seems that Plaintiff had to hire a Ukrainian lawyer to persuade Aleksandrovich to relinquish them to Plaintiff. In short, Leor has not fulfilled the terms of the Preliminary Injunction Order (ECF No. 19), which specifically required him to remedy all of these problems, among others, including his lack of adherence to his employment agreement's duty of loyalty and covenant not to compete with Plaintiff.

This Court has twice cited Leor for contempt. (ECF Nos. 47, 291, 292.) Upon the first citation, the Court ordered that Leor be fined $1,000 per day, payable to the United States Government, until he complied with the Preliminary Injunction Order. At the second citation, the Court determined that the fine, which cumulatively amounted to $104,000, had not succeeded

in coercing Leor's compliance; thus, the Court suspended the fine (without erasing the debt owed by Leor to the Government) and issued a warrant for Leor's arrest. As of this writing, Leor has remained a fugitive outside the United States. Because of Leor's refusal to comply with the directives of the Preliminary Injunction Order, and because those same directives will be incorporated into a final injunction, the arrest warrant will remain in force until Leor has personally appeared in this Court and purged himself of contempt.

As an additional sanction in the second contempt citation, the Court dismissed Leor's counterclaim; further, the Court denied without prejudice Plaintiff's requested sanction of default judgment but provided warning to Leor that such could be justified in the future. (6/8/2015 Mem. Op. 10-11, ECF No. 291.) The Court finds Leor continues to be in contempt. For the reasons stated in Plaintiff's motion, default judgment is now justified and will be granted.

Based upon the record as a whole, the Court makes the following findings:

1. Plaintiff terminated Leor for cause. (According to the evidence, Leor was working at cross-purposes with Plaintiff prior to his termination and defied Plaintiff's requests to make amends.)

2. Leor breached his employment agreement with Plaintiff, including the agreement's clauses regarding noncompetition, nonsolicitation, and confidentiality, as well as return of the unearned portion of his signing bonus.

3. Leor has breached his duty of loyalty to Plaintiff.

4. Leor has tortiously interfered with Plaintiff's economic and business relations.

5. Leor converted Plaintiff's property, including websites and confidential information.

6. Plaintiff Enovative is the rightful owner of the following:

    a. www.T-Pulse.com

    b. www.magicmassageultra.com

    c. www.smart-relief.com

    d. www.smartmassageshop.com

    e. www.portableusbcharge.com

    f. www.enovativetechnologiesllc.com

    g. www.facebook.com/magicmassagetherapy

    h. www.facebook.com/smartmassageshop

    i. www.rightstartconsultants.com

    j. www.facebook.com/stacimarkets

    k. enovativetechs.com

    l. rightstartcapitalfund1@gmail.com

    m. smartmassagemanagement@gmail.com

    n. smartmassagemarketing@gmail.com

    o. smartmassageoffice@gmail.com

    p. smartreliefwsh@gmail.com

    q. guylevimassager@gmail.com

    r. peter.anderson1123@gmail.com

    s. ukimmigrationinformer@gmail.com

7. Leor's conduct with respect to Plaintiff violated the Maryland Uniform Trade Secrets Act.

8. Leor's defamation of Plaintiff is defamation *per se*.

Plaintiff has documented in detail its damages, amounting to $1,278,077.54 for lost profits and additional expenses incurred in attempting to rectify the injuries inflicted by Leor

upon Plaintiff. Actual damages additionally include $1,107.04 in credit card chargebacks and $150,000, representing the *pro rata* portion of the $400,000 signing bonus paid by Plaintiff to Leor on the condition that he stay employed with Plaintiff for a full year; the balance became due to Plaintiff when Leor left employment with 4.5 months remaining. Total actual damages are documented as $1,429,184.58.

Other items of damages are also awardable. General damages are appropriate for the damage to Plaintiff's reputation, evidenced by the significant drop in profits following the beginning of Leor's Internet smear campaign. Plaintiff has requested $1,000,000 in general damages, and the Court agrees this is a reasonable amount. Punitive damages are equally appropriate in this case. The Court finds that the various defamatory communications documented by Plaintiff were made with actual malice. Thus, the Court awards $1,000,000 in punitive damages to Plaintiff. Additionally, attorney's fees and costs are due to Plaintiff under the terms of the employment agreement. The Court has reviewed the detailed records submitted by Plaintiff's counsel and finds the rates charged by lead counsel and her associate are reasonable, as is the number of hours expended in this case. The amount of $211,118.54 for attorney's fees and costs is to be included in the final judgment.

Plaintiff is less successful in its request for prejudgment interest. The Court has reviewed Maryland case law and finds the precedent for prejudgment interest limited to cases involving contracts or some similar mechanism for readily determining a fixed sum due and payable prior to the date of judgment. *See Buxton v. Buxton*, 770 A.2d 152, 165 (Md. 2001); *Crystal v. West & Callahan, Inc.*, 614 A.2d 560, 572-73 (Md. 1992). The single item of damages that would fit within this precedent is the return by Leor of the *pro rata* share of his signing bonus, *i.e.*, $150,000. This amount was readily determinable under the employment agreement. The other

items of damage are less due to breach of contract, if at all, and more due to tortious misconduct. As a result, prejudgment interest will be awarded from the date of Leor's termination, December 15, 2014, to the date of judgment, September 30, 2015, at the rate of six percent per annum as to only $150,000. *Crystal*, 614 A.2d at 572. This amount comes to $6,375.00. Finally, Plaintiff will be granted postjudgment interest at the current, prevailing federal rate. 28 U.S.C. § 1961.

Plaintiff is clearly entitled to permanent injunctive relief. The Court is required to consider Plaintiff's request for such under a four-factor test:

> A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Plaintiff has sustained obvious injury to its reputation, its business relationships, and its prospective economic advantage due to Leor's conduct. The only protective mechanism available to ward off Leor's continuing bad acts is injunctive relief. Monetary damages alone are insufficient for this purpose. In the balance of hardships, the Court perceives no hardship to Leor in being forced to do what is right. Finally, it is unquestionably in the public interest to enforce the terms of a lawful contract and to bar misconduct that damages a going business concern. The terms of injunctive relief will be incorporated into the final judgment; only Leor's duties under the employment agreement's noncompetition and nonsolicitation clauses will be time-limited.

A separate order incorporating the above rulings follows.

DATED this 29th day of September, 2015.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge